FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**MAY 25 2018**

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Marcus Sebastian Payne, *Pro Se*          )
                                          )
                ("Payne") Plaintiff,      )
vs.                                       )
                                          )   Civil Action No.
The United States of America, and the     )
                                          )   **1:18-CV-2518**
United States Department of Veterans      )
                                          )
Affairs, ("VA"), and United States Office )
                                          )
of Personnel Management ("OPM")           )
                The Defendants.

## FEDERAL COMPLAINT FOR JUDICIAL RELIEF AND JUSTICE

Plaintiff Payne brings this action against the United States of America under

Federal Tort Claims Act (FTCA) and Defendant's VA and OPM under Title VI of the Civil

Rights Act of 1964 and the Fifth Amendment of the United States Constitution.

## SUBJECT MATTER JURISDICTION

This Court has proper subject matter jurisdiction over this civil action pursuant

to 28 U.S.C. § 1331 and 28 U.S.C.A. §§ 1346(b), 2671-80.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(e).

## PROCEDURAL HISTORY AND THE STATEMENT OF THE FACTS

1. Payne is a Special Disabled Veteran with service-connected disabilities and currently is rated at **90%** as certified and recognized by Defendant VA records.

2. Payne filed a **timely FTCA complaint** with VA on **December 07th, 2017**. The VA denied **timely FTCA complaint** by **February 08th, 2018** certified letter. **Exhibit 1.**

3. Jennifer Kler (Kler) statements on **October 24th, 2012** to Internal Revenue Service (IRS) employee Pat Register (Register) precisely **"*stressed*"** Plaintiff as **"*the VA's Problem*"** (**original bolded emphasis**). The **"*SMOKING GUN*"** evidence **Exhibit 2.**

- 1 -

4. On **July 19th**, **2012** Defendant VA, Veterans Benefits Administration (VBA) employees William Bethea (Bethea) and Kler placed Payne in non-pay on the job training at IRS under 38 U.S.C. § 3115 (a)(1)(2012) and Chapter 31 regulations.

5. Bethea was Payne VR&E, Vocational Rehabilitation Counselor **(VRC)** and Kler was VR&E, Employment Coordinator **(EC)**. VA **must** *"along with the host\government agency"* **provide** the *"Certificate of Training"* for **any** veteran under VA Chapter 31 regulation **38 C.F.R. § 21.120 (b)(2012)** *in pari materia* with OPM **oversight regulations** both **5 C.F.R. § 3.1 (a)(2)(2012)** and **5 C.F.R. § 316.604 (a)(2012)**. **Exhibit 3** VR&E "M28R" Part VI, § A, Chapter 8, § 8.04 b.3 (d) and *infra* ¶ # 32.

6. VA *"ECs should promote the use of"* 5 C.F.R.315.604. **Exhibit 3**, § 8.04 a.1.

7. On **October 24th**, **2012** Kler and Bethea participated in a *"conference call"* with IRS. **Exhibit 4** is an **authentic record** in Payne VA Chapter 31 records and VR&E *"CWINRS."* The U.S. Department of Justice submitted this **exact same document** in the Federal Circuit Court: **Case No: 14-7073, P.A.C.E.R. document 9, page 81**.

8. Payne *"great work"* met OPM *"satisfactory"* bar. 5 C.F.R. § 3.1 (a)(2)(2012).

9. **Kler said**: *"I am not aware of this [Exhibit 4] document"* **Exhibit 5** (Q&A#12).

10. Payne monetary benefits under 38 U.S.C. § 1151 **do not undue** *"property interests"* and a **legitimate entitlement** to a *"Certificate of Training"* for OPM non-competitive use of **5 C.F.R. § 3.1 (a)(2)(2012)** and **5 C.F.R. § 316.604 (a)(2012)**.

11. A *"Certificate of Training"* **does not expire and can be used at any time** once in possession of the disabled veteran who meets OPM *"satisfactory"* requirements.

12. There was **not** *"any reason for [Kler] withholding a participation certificate, [Certificate of Training] especially since the IRS Internship Coordinator [Register] offered to provide one."* **Certified Exhibit 6**; 28 C.F.R. § 14.4 (c)(5).

13. Kler acts PUNISHED Payne on **October 24th, 2012** for being *"the VA's Problem."*

14. A *"Certificate of Training"* is **not** a *"Benefit"* or *"a benefits claim."* Milbauer v. U.S., 636 Fed.Appx. 556 (11th, Cir.,2016)(explicating 38 C.F.R. § 20.3(e) meaning).

15. VA, VR&E services receives **substantial federal funds** appropriations to run the VBA Chapter 31 program 38 U.S.C. § 3115 (a)(1)(2012) and Chapter 31 regulations.

16. OPM have **oversight authority** of VA Chapter 31 regulation **38 C.F.R. § 21.120 (b)(2012) with 5 C.F.R. § 3.1 (a)(2)(2012) and 5 C.F.R. § 316.604 (a)(2012)**.

17. Kler October 24th, 2012 **intentional** **concealment** *"withholding"* the *"Certificate of Training"* was **not properly documented** as *"a common best practice"* in the **VR&E** *"CWINRS"* and *"electronically stored case notes"* and or a **VA Form 119 - Report of Contact.** See **Exhibit 7**. Alford v. Department of Veterans Affairs, 277 F.Supp.3d 91 (2017); Cambpell v Shinseki, 546 Fed.Appx. 874 (11th, Cir.,2013).

18. Payne has *"a legitimate claim of entitlement to"* *"property interests"* of the *"Certificate of Training!"* Bester v. Tuscaloosa City Board of Education, 722 F.2d 1514 (11th, Cir.,1984); Board of Regents v. Roth, 408 U.S. 564 (1972); Debra P. v. Turlington, 644 F.2d 397 rehearing en banc denied, 654 F.2d 1079 (5th, Cir.,1981) (Unit B); Haberle v. University of Alabama in Birmingham, 803 F.2d 1536 (11th, Cir.,1986); Dolinger v. Driver, 269 Ga. 141 (1998); Williams v. Austin Independent School Dist., 796 F.Supp. 251 (1992); Anderson v. Banks, 520 F.Supp. 472 (1981).

19. Georgia law provides Constitutional due process of notice and an opportunity to be heard before *"property interests"* in a *diploma*, *degree* or *certificate* that one uses in livelihood can be terminated. Georgia Professional Standards Commission v. Lee, 333 Ga.App. 60 (2015); Gee v. Georgia Professional Standards Commission 268 Ga. 491 (1997); State Board of Education v. Drury, 263 Ga. 429 (1993).

20. Defendant VA *"tortious activity"* violate Georgia law as to *"property interests"* and Payne *"Certificate of Training"* akin to a student's **expectation** of a high school *diploma*, college or university *degree or related certificate*. **Debra P.**

21. VA Chapter 31 regulation **38 C.F.R. § 21.120 (b)(2012) references to** *diploma*, *certificate* and *degree* *"stem from state law."* **See** Roth, **Bester,** Debra P.!

22. Defendant VA does **not** have **any authority in Georgia** to *"withhold"* a veteran **right** to a *"Certificate of Training."* Wells v. Banks, 153 Ga.App. 581 (1980); Todd v. Carstarphen, 236 F.Supp.3d 1311 (2017)(Citing Wells, in support).

23. VA Chapter 31 regulation **38 C.F.R. § 21.120 (b)(2012) cannot be read in isolation,** but *in pari materia* with OPM **oversight regulations** 5 C.F.R. § 3.1 (a)(2)(2012) and **5 C.F.R. § 316.604 (a)(2012).** Alabama Education Association v. State Superintendent of Education, 746 F.3d 1135 (11th, Cir.,2014); Ryan v. Commissioners of Chatham County, 48 S.E.2d 86 (Ga. 1948). VA *"interpretation"* of **38 C.F.R. § 21.120 (b)(2012)** *"significance is of a doubtful character!"*

24. Defendant VA **knew** as of **January 31st, 2012** with *"special emphasis"* of its **obligations** under **5 C.F.R. § 316.604 (a)(2012)** with Payne **July 19th, 2012** participation in the Chapter 31 program. **See Exhibit 8**; Equal Employment Opportunity Commission *"Schedule A"* citing to **5 C.F.R. § 315.604** as **Exhibit 9**.

25. Government Accounting Office (GAO) cited reasons in **GAO-17-440T, Exhibit 10** and **GAO-17-533T, Exhibit 11** Payne **desires** Cybersecurity federal employment and **without** the *"Certificate of Training!"* **substantiates harm and injury!**

26. **Mr. Benjamin Krause Esq.,** *"Voc Rehab Survival Guide for Veterans"* shows his **two degrees** were paid by Chapter 31 training! **Exhibit 12** supports the **gravamen** of Payne case as this evidence shows **corruption** at VA and its Chapter 31 program!

**COUNT I**
**(Intentional Violation of Title VI)**

27. Payne reasserts and restates all of the facts of paragraphs 1-26 as set forth herein.

28. *"No person in the United States shall, on **the ground of race**... be excluded from participation in, **be denied the benefits of**, or be otherwise subjected to discrimination under any program..."* **38 CFR 18.3.** Kler *ultra vires* actions on **October 24th, 2012** violated Title VI! **See Debra P**, 644 F.2d at 407-408, n.18.

29. The *"Certificate of Training"* of VA Chapter 31 regulation **38 C.F.R. § 21.120 (b)(2012)** when read *in pari materia* with OPM oversight regulations **5 C.F.R. § 3.1 (a)(2)(2012)** and **5 C.F.R. § 316.604 (a)(2012)** is *akin* to (**1**) a high school *diploma* and or (**2**) a college/university *degree* or *certificate* and protected by Title VI and cannot be denied on account of **RACE** discrimination! **See Debra P**.

30. Defendant VA **intentionally violated Title VI** under its Chapter 31 program by **intentionally concealment** of Kler, who acted *ultra vires* and *"withholding"* on account of Payne *RACE*, the *"Certificate of Training"* mandated by VA Chapter 31 regulation **38 C.F.R. § 21.120 (b)(2012)** and **IGNORING** the OPM **oversight regulations** both **5 C.F.R. § 3.1 (a)(2)(2012)** and **5 C.F.R. § 316.604 (a)(2012)**.

31. Kler **knew** Payne was an African-American ("Black") male **at all times before** he was placed onsite at IRS on **July 19th, 2012** and *a fortiori* when she spoke with Register on **October 24th, 2012** again *"stressed"* Payne as *"the VA's problem."* Kler would **not** have exacted the **same evil** against a White person male or female!

- 4 -

## COUNT II
### (Violation of the FTCA)

32. Payne reasserts and restates all of the facts of paragraphs 1-31 as set forth herein.

33. **OPM website officially states**:

*"The Office of Personnel Management (OPM) administers entitlement to **veterans' preference** in employment under title 5, United States Code, and oversees other statutory employment requirements in titles 5 and 38. (Title 38 also governs Veterans' entitlement to **benefits** administered by the Department of Veterans Affairs (VA)). Disabled veterans eligible for training under the VA vocational rehabilitation program may enroll for training or work experience at an agency under the terms of an agreement between the agency and VA. While enrolled in the VA program, the veteran is not a Federal employee for most purposes but is a beneficiary of the VA. Training is tailored to the individual's needs and goals, so there is no set length. If the training is intended to prepare the individual for eventual appointment in the agency rather than just provide work experience, the agency must ensure that the training will enable the veteran to meet the qualification requirements for the position. Upon successful completion, the host agency and VA give the veteran a **Certificate of Training** showing the occupational series and grade level of the position for which trained. The **Certificate of Training** allows any agency to appoint the veteran noncompetitively under a status quo appointment which may be converted to career or career-conditional at any time."* **https://www.opm.gov/policy-data-oversight/veterans-services/vet-guide-for-hr-professionals/** last visited today (Friday, May 25th, 2018 at 0600 hours)!

34. On **October 24th, 2012** Kler had **no authority whatsoever** to make **any decision** with Register and her *ultra vires* acts *"withholding" "property interests"* and Payne's *"Certificate of Training"* was **intentionally concealed and not properly documented and as of such a continuing violation and equitable tolling applies!**

35. Damages awarded to Payne under FTCA are **not** subject to any offset for monetary benefits under 38 U.S.C. § 1151. Payne 38 U.S.C. § 1151 monetary benefits does **not** account for the **loss, use** and the **entitlement** of a *"Certificate of Training!"*

36. **Dr. Evelyn Lemoine, PhD** an employee of Defendant VA, **conclusions are not** subject to **any dispute** under FTCA! **Certified Exhibit 6; 28 C.F.R. § 14.4 (c)(5)!** This critical evidence can be used in this FTCA action because it **identifies** *"The VA's failure to provide [Payne] the participation certificate ["Certificate of Training"] offered by [Register in Exhibit 2] the IRS Internship Coordinator."*

37. Payne desire for **an advantage** with the *"Certificate of Training"* for **veterans' preference** was **confirmed** by **Dr. Evelyn Lemoine, PhD. See Certified Exhibit 6.**

38. On **October 30th, 2012** Payne harm and injury was being **intentionally concealed** by Kler, Bethea and William McNamara (McNamara) who met with Payne to discuss his termination by IRS from the Chapter 31 program. Kler, **in particular** spoke to Payne in a **contentious, condescending, demeaning** and **disrespectful** manner!

39. Kler **illegally accessed** the VR&E *"CWINRS"* *"electronically stored case notes"* of Payne making changes *"updates"* and *"typos"* in an ***NUNC PRO TUNC*** manner!

40. Kler **intentionally** and **deliberately omitted to document** in VR&E *"CWINRS"* and *"electronically stored case notes"* or VA **Form 119 - Report of Contact** of her **intentionally concealed** October 24th, 2012 Register telephone conversation.

41. Kler **intentionally concealed** October 24th, 2012 telephone conversation with Register was **not a 38 U.S.C. § 511** *"decision"* *"withholding"* Payne *"property interests"* and *"Certificate of Training!"* **See Certified Exhibit 6, Debra P**.

42. **VA has no authority over OPM and 5 C.F.R. § 3.1 (a)(2); 5 C.F.R. § 316.604 (a)!**

43. VA did **not provide any decisional authorization** for Kler to **act on its behalf** with IRS *"the host/government agency"* in talks with Register on **October 24th, 2012!**

44. Payne is **not alleging** *"misrepresentation"* **in any manner! See Zelaya v. United States, 781 F.3d 1315 (11th, Cir.,2015), cert. denied, 136 S. Ct. 168 (2015).**

45. Payne is **due and entitled** to the entire sum claimed of **ten (10) million dollars!**

**COUNT III**
**(Violation of the Fifth Amendment; Constitutional challenge)**

46. Payne reasserts and restates all of the facts of paragraphs 1-45 as set forth herein.

47. *"No person shall **be deprived of... property**, without due process of law."* **Tyler v. Vickery, 517 F.2d 1089 (5th, Cir.,1975). Certified Exhibit 6 identifying** the VA!

48. Due process under Georgia and Federal law **requires** an **impartial** decision-maker!

49. Due process under Georgia and Federal law **requires** that the VA *"along with the host\government agency"* **and** OPM to ensure a veteran *"property interests"* in their *"Certificate of Training"* are **not** *"withheld"* without **(1) notice** and **(2)** an opportunity to **object** and **respond**! Both VA **and** OPM! **denied** Payne due process!

50. Payne **challenges** the constitutionality of **OPM statute** that authorizes and governs **5 C.F.R. § 3.1 (a)(2); 5 C.F.R. § 316.604 (a)** and Kler *ultra vires* "withholding" of his *"Certificate of Training!"* Defendant OPM was **complicit! See Exhibit 13!**

- 6 -

<u>CONCLUSION</u>
<u>PLEA AND PRAYER FOR JUDICIAL RELIEF AND JUSTICE</u>
*WHEREFORE* Payne respectfully request the Court to:

1. That this case do **NOT** be assigned to District Judge Thomas W. Thrash, Jr. as he egregiously has a demonstrable personal bias and animus against this Plaintiff and does **NOT** read pleadings and motions filed by this Plaintiff proceeding *Pro Se*. See **Civil Action 1:17-cv-3068-TWT pending appeal No. 18-11139-AA**. This District Judge will **NOT** be an im**part**ial fact finder as Payne is entitled to an **impartial** Bench trial in the District Court. <u>Denson v. United States</u>, 574 F.3d 1318, **n.45** (11th, Cir.,2009)("By statute, FTCA claims are tried to the bench."); <u>Daniel v. U.S. Marshall Service</u>, 2006 WL 1912756 (11th, Cir.,2006)(same); <u>Burns v. Lawther</u>, 53 F.3d 1237 (11th, Cir.,1995)(same).

2. Allow Payne to engage in reasonable discovery with **all Defendants** prior to any summary judgment, oppositions, replies and approved sur-replies papers are filed.

3. **Order** the Defendant VA to explain why there is no *"electronic case note"* which is *"a common best practice"* and VA Form **119** – **Report of Contact** regarding Kler **October 24th, 2012** telephone conversation with IRS employee Register in the VR&E *"CWINRS"* and Payne Chapter 31 records. <u>See</u> **Exhibit 2**, Register declaration dated July 02nd, 2014, at <u>p.1</u>, ¶ 3 *"The same day [October 24th, 2012], I spoke by telephone to <u>Jennifer Kler</u>, the VA's employment coordinator for the VA's Atlanta Region, who was familiar with Mr. Payne's situation."* <u>See</u> **Exhibit 14** P.A.C.E.R. Case 1:16-cv-02170-RCL <u>Doc 19</u> (Order of the Court) and <u>Doc 20</u> (Defendant VA response to [Doc 19] the Order of the Court).

4. **Order** Defendant OPM to make findings of fact and conclusions of law so what Defendant VA intentionally did to Payne, on account of race (black), extreme personal animus from a prejudiced VA **never** happens to another disabled veteran in Chapter 31 program ensuring receipt of their *"Certificate of Training"* so they can use 5 C.F.R. § 3.1 (a)(2) and 5 C.F.R. § 316.604 (a) entitlement to **veterans preference**. <u>See</u> <u>Smothers v. Merit Systems Protection Board</u>, 70 F.3d 129 (Fed.Cir.,1995)(explicating 5 C.F.R. § 315.604 use for disabled veteran Smothers after his non-pay job at VA who gave Smothers his *"Certificate of Training"* to use as OPM mandated and enforced veterans preference.)

5. Award and order Payne to be reimbursed $400.00 filing fee ċosts, postage fees for all mailing and all document printing costs from true receipts as presented.

6. Any other relief as the Court finds fair, just and right under law or equitable powers including a trial by a jury allowed by law, precedents or right especially under Count I (Title VI) and Count III (Violation of the Fifth Amendment).

Friday, May 25th, 2018
Marcus Sebastian Payne, *Pro Se – Credit Luke 21:15*
*and undisturbed access to Westlaw*
323 Calm Court
Powder Springs, GA 30127
Direct @ 404.368.8164
e-mail @ Marcus_Payne@msn.com

5-25-2018

- 7 -